1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10
                           ----oo0oo----
11

12   GYPSIE JONES,
                                    NO. CIV. S 04-2002 MCE KJM
13          Plaintiff,

14       v.                         MEMORANDUM AND ORDER

15   DOLLAR TREE STORES, INC., dba
     DOLLAR TREE #2041,
16
            Defendant.
17
                           ----oo0oo----
18

19       Plaintiff Gypsie Jones ("Jones") brings this action against

20   Defendant Dollar Tree Stores, Inc. ("Dollar Tree") alleging that

21   Dollar Tree Store #2041 located at 3615 Northgate Boulevard,

22   Sacramento, California ("Store #2041") is in violation of

23   California's Unruh Civil Rights Act, Cal. Civil Code §§ 51 et.

24   seq. ("Unruh Act") and the Americans with Disabilities Act, 42

25   U.S.C. § 12188(a)(2) ("ADA").  She is seeking damages pursuant to

26   the Unruh Act and injunctive relief pursuant to the ADA.  Jones

27   filed the instant suit against Dollar Tree on September 27, 2004,

28   and now brings this motion for summary judgment, or in the

                                  1

1  alternative, summary adjudication.  For the reasons explained
2  below, Jones' motion is denied.[1]

3

4                          **BACKGROUND**

5

6       Gypsie Jones is a paraplegic and requires the use of a
7  wheelchair for mobility.  This dispute arises out of Jones'
8  visits to Store #2041 during the spring and early summer of 2004
9  as well as the fall of 2005.  During these visits, Plaintiff
10 alleges she encountered architectural barriers that made it
11 difficult or impossible for her to have full and equal access to
12 the goods and services provided by Defendant.  The difficulty in
13 accessing Store #2041 is due to alleged defects in the entrance
14 doors, the check stand, the ATM screen, the exit door and the
15 women's restrooms.
16      After her first visit to Store #2041, Jones advanced a
17 letter to the management of said store describing the alleged
18 barriers and requesting that they be remedied.  On subsequent
19 visits to the store, Jones avers that none of the barriers she
20 identified in her letter had been corrected.  As a result of
21 Defendant's alleged inaction, Plaintiff filed the instant law
22 suit seeking damages and injunctive relief under both state and
23 federal law.
24 //
25 //

26
   _____
27      [1]Because oral argument will not be of material assistance,
   the Court orders this matter submitted on the briefs.  E.D. Cal.
28 Local Rule 78-230(h).

                              2

**STANDARD**

    The Federal Rules of Civil Procedure provide for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses.  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

    Rule 56 also allows a court to grant summary adjudication on part of a claim or defense.  See Fed. R. Civ. P. 56(a) ("A party seeking to recover upon a claim ... may ... move ... for a summary judgment in the party's favor upon all or any part thereof."); See also Allstate Ins. Co. v. Madan, 889 F. Supp. 374, 378-79 (C.D. Cal. 1995); France Stone Co., Inc. v. Charter Township of Monroe, 790 F. Supp. 707, 710 (E.D. Mich. 1992).

    The standard that applies to a motion for summary adjudication is the same as that which applies to a motion for summary judgment.  See Fed. R. Civ. P. 56(a), 56(c); Mora v. ChemTronics, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. at 323(quoting Rule 56(c)).

3

1      If the moving party meets its initial responsibility, the

2  burden then shifts to the opposing party to establish that a

3  genuine issue as to any material fact actually does exist.

4  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,

5  585-87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S.

6  253, 288-89 (1968).

7      In attempting to establish the existence of this factual

8  dispute, the opposing party must tender evidence of specific

9  facts in the form of affidavits, and/or admissible discovery

10 material, in support of its contention that the dispute exists.

11 Fed. R. Civ. P. 56(e).  The opposing party must demonstrate that

12 the fact in contention is material, i.e., a fact that might

13 affect the outcome of the suit under the governing law, and that

14 the dispute is genuine, i.e., the evidence is such that a

15 reasonable jury could return a verdict for the nonmoving party.

16 Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 251-52

17 (1986); Owens v. Local No. 169, Assoc. of Western Pulp and Paper

18 Workers, 971 F.2d 347, 355 (9th Cir. 1987).  Stated another way,

19 "before the evidence is left to the jury, there is a preliminary

20 question for the judge, not whether there is literally no

21 evidence, but whether there is any upon which a jury could

22 properly proceed to find a verdict for the party producing it,

23 upon whom the onus of proof is imposed."  Anderson, 477 U.S. at

24 251 (quoting Improvement Co. v. Munson, 14 Wall. 442, 448, 20

25 L.Ed. 867 (1872)).  As the Supreme Court explained, "[w]hen the

26 moving party has carried its burden under Rule 56(c), its

27 opponent must do more that simply show that there is some

28 metaphysical doubt as to the material facts .... Where the record

4

taken as a whole could not lead a rational trier of fact to find
for the nonmoving party, there is no 'genuine issue for trial.'"
Matsushita, 475 U.S. at 586-87.

In resolving a summary judgment motion, the evidence of the
opposing party is to be believed, and all reasonable inferences
that may be drawn from the facts placed before the court must be
drawn in favor of the opposing party.  Anderson, 477 U.S. at 255.
Nevertheless, inferences are not drawn out of the air, and it is
the opposing party's obligation to produce a factual predicate
from which the inference may be drawn.  Richards v. Nielsen
Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985),
aff'd, 810 F.2d 898 (9th Cir. 1987).

**ANALYSIS**

Under the ADA, "[n]o individual shall be discriminated
against on the basis of a disability in the full and equal
enjoyment of the goods, services, facilities, privileges,
advantages or accommodations of any place of public accommodation
by any person who owns, leases (or leases to), or operates a
place of public accommodation."  42 U.S.C. § 12182(a).  Unlawful
discrimination exists when there is a "...failure to design and
construct facilities ... that are readily accessible to and
usable by persons with disabilities, except where an entity can
demonstrate that it is structurally impracticable to meet the
requirements."  42 U.S.C. § 12183(a)(1).

Defendant Dollar Tree opposes Plaintiff's summary judgement
motion on the ground that her allegations are without merit under

5

disability access requirements.  Defendant contends that Store
#2041 is, in fact, compliant with the Americans with Disabilities
Act Accessibility Guidelines ("ADAAG") as codified at 28 C.F.R.
Pt. 36, Appendix A.  In reply, Plaintiff argues that Defendant
has failed to raise any issue of material fact regarding the
existence of barriers in Store #2041.  She avers that the sworn
declarations submitted by Defendant are inadmissible and should,
therefore, be disregarded by this Court.

     In fact, Defendant submitted the sworn declarations of its
Senior Project Manager, John Fox ("Fox") and its ADA
accessibility expert, Kim Blackseth ("Blackseth").  Both Fox and
Blackseth expressly and unequivocally contradict the facts
presented by Plaintiff regarding Store #2041 and the existence of
alleged architectural barriers.  Specifically, both Defendant's
declarants claim that Store #2041 is ADA compliant.

     As her main assignment of error, Plaintiff claims that both
declarants fail to base their declarations on personal knowledge
of the underlying facts as required under Rule 56.  Consequently,
Plaintiff claims, both declarations should be disregarded by this
Court in resolving the present summary judgment motion.

     Plaintiff is correct that, as a general matter, if a party
chooses to utilize a sworn statement in support or opposition of
a summary judgment motion, that statement must be based on
personal knowledge.  See Fed. R. Civ. P. 56(e); see also Columbia
Pictures Indus., Inc. v. Prof. Real Estate Investors, Inc., 944
F.2d 1525, 1529 (9th Cir. 1991).  Nonetheless, in certain limited
circumstances, personal knowledge may be inferred from the
content of a declaration.  See Barthelemy v. Air Lines Pilots

6

1  Ass'n, 897 F.2d 999, 1018 (9th Cir. 1990) (CEO's personal

2  knowledge of various corporate activities could be presumed by

3  virtue of his position).

4      Fox's declaration plainly states that he is a Senior Project

5  Manager for Dollar Tree and is largely responsible for ADA

6  compliance.  See Fox Decl. at ¶1 and ¶3.  As the person charged

7  with ADA compliance for Defendant, his personal knowledge can be

8  inferred from the content of his declaration.  In addition, his

9  declaration states that he was present during Plaintiff's

10  inspection of Store #2041 further establishing his personal

11  knowledge of the facts in this case.  See Fox Decl. 1 at ¶4.

12  Similarly, Blackseth's declaration expressly establishes his

13  personal knowledge of the structure and conditions in Store #2041

14  wherein he states that he "...personally inspected [Store #2041]

15  for [ADA] compliance."  Blackseth Decl. 2, ¶8.  The Court is

16  satisfied that both declarants have sufficient personal knowledge

17  to meet the requirements of Rule 56(e).

18      Both Fox's and Blackseth's declarations unequivocally

19  contradict Plaintiff's assertion that Store #2041 is not ADA

20  compliant.  The evidence presented by a party opposing a summary

21  judgment motion is to be believed, and all reasonable inferences

22  that may be drawn from the facts placed before the court must be

23  drawn in favor of the opposing party.  In drawing all reasonable

24  inferences in favor of Defendant, the Court finds that sufficient

25  issues of material fact exist to preclude summary judgment.

26  //

27  //

28  //

1 **CONCLUSION**

2

3       For the foregoing reasons, Plaintiff's summary judgment

4 motion is DENIED.

5

6 IT IS SO ORDERED.

7

8 DATED: December 6, 2005

9

10

11 _____

12 MORRISON C. ENGLAND, JR
   UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28