UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GYPSIE JONES,                              NO. 2:04-cv-2002-MCE-KJM

    Plaintiff,

  v.                                       ORDER

RALPHS GROCERY COMPANY dba
FOODS CO #355; DOLLAR TREES
INC. dba DOLLAR TREE #2041;
GABRIEL H. CHIU & LAI HAR
CHIU, Co-Trusttes of the CHIU
FAMILY TRUST; and DOES 1
through 10,

    Defendants.

----oo0oo----

On December 5, 2006, Plaintiff Gypsie Jones filed a Bill of Costs in this matter, pursuant to 28 U.S.C. § 1920, in the amount of $257.60.  Plaintiff's Bill of Costs was submitted prior to the Court's Judgment in favor of Defendant Dollar Tree Stores, Inc. ("Dollar Tree") on December 14, 2006.

///

///

///

1

1    The December 14, 2006 Judgment makes it clear that Plaintiff
2 was not the prevailing party in this litigation, since it details
3 the fact that most of Plaintiff's claims were resolved through
4 the Court's May 19, 2006 Memorandum and Order granting partial
5 summary judgment in Dollar Tree's favor.  The two claims that
6 remained viable were dismissed by the Court on November 16, 2006
7 on grounds that the access barriers at issue had already been
8 remedied.

9    Under Federal Rule of Civil Procedure 54(d), the prevailing
10 party in a lawsuit may recover its costs "unless the court
11 otherwise directs."  Rule 54(d) plainly requires that only a
12 prevailing party is entitled to costs.  Moreover, and in any
13 event, the ultimate decision on whether to award costs is a
14 matter within the Court's discretion.  <u>Association of Mexican-</u>
15 <u>American Educators v. State of Calif.</u>, 231 F.3d 572, 591-92 (9th
16 Cir. 2000).

17    Plaintiff cannot surmount her initial burden of establishing
18 that she was a "prevailing party" entitled to costs.  In
19 addition, even were Plaintiff to argue that she was instrumental
20 in remediating the two claims that survived summary judgment,
21 which she did not (Plaintiff filed no response to Dollar Tree's
22 December 6, 2006 Objection on grounds that Plaintiff was not a
23 prevailing party), the majority of Plaintiff's claims were
24 unquestionably adjudicated in Dollar Tree's favor.  The Court, in
25 its discretion, declines to award Plaintiff costs under those
26 circumstances.
27 ///
28 ///

2

For all these reasons, Plaintiff's Bill of Costs is rejected.

IT IS SO ORDERED.

Dated: June 20, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

3